UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN C. APPLEGATE,<br><br>　　　　　Plaintiff<br><br>　　　v.<br><br>WINFRED KOKOR,<br><br>　　　　　Defendant. | CASE NO. 1:15-cv-01054-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**(ECF NOS. 10-11)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter proceeds on Plaintiff's Eighth Amendment deliberate indifference claim and First Amendment retaliation claim against Defendant Dr. Winfred Kokor. (ECF Nos. 8, 9.) Plaintiff has consented to the undersigned's jurisdiction. (ECF No. 5.) Pending before the Court are motions for a temporary restraining order and preliminary injunction.[1] (ECF Nos. 10-11.)

I. **LEGAL STANDARDS**

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show either a likelihood of success on the merits of the underlying controversy

---

[1] These motions appear to be duplicative of each other.

and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. See Oakland Tribune, 762 F.2d at 1376. Under any formulation of the test, however, the moving party must demonstrate that there exists a significant threat of irreparable injury. See id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. See id. The loss of money, or an injury whose measure of damages can be calculated in terms of money, will not be considered irreparable. See id. at 1334-35.

The standard for a temporary restraining order is essentially the same. The purpose in issuing a temporary restraining order is to preserve the status quo pending a more complete hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to a full hearing. It is apparent however, that requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

## II. DISCUSSION

### 1. Allegations in the Complaint

The actions that give rise to Plaintiff's complaint occurred while he was housed at California Substance Abuse Treatment Facility (CSATF) in Corcoran, California. He is currently incarcerated at California Correctional Institution (CCI) in Tehachapi, California The essence of Plaintiff's claim is that, in light of his longstanding health problems, he

has held multiple accommodation chronos since 2007, including lower bunk, lower tier, orthotic shoe, an ankle brace chronos, as well as "ADA status," which entitles him to use a handicapped shower and not climb stairs. In January 2014, these chronos were renewed for one year. Upon his transfer to CSATF, Dr. Kokor rescinded Plaintiff's lower tier chrono and his ADA status with deliberate indifference to Plaintiff's health and in retaliation for Plaintiff's assertion that he has sued in the past and will sue in the future if he receives inadequate medical care. Plaintiff suffered injury as a result of Dr. Kokor's conduct.

### 2.     **Motion for Temporary Restraining Order and Preliminary Injunction**

In his motion for a temporary restraining order and preliminary injunction, Plaintiff requests an order to force officials at CCI to schedule an appointment with a podiatrist and a neurologist to determine his immediate need for certain treatment, care, and accommodations. Plaintiff claims that, absent these specialty evaluations, his condition will continue to go untreated, and he may suffer further injury.

### 3.     **Analysis**

Plaintiff's request for injunctive relief must be denied.

Plaintiff bases the instant motion on a claim that staff members at CCI are refusing to schedule Plaintiff for specialty evaluations. Such a claim is unrelated to the claims asserted in the complaint – namely, that Dr. Kokor improperly revoked Plaintiff's chronos and ADA status. It is appropriate to grant a preliminary injunction "intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945). A court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. Id.

Also, absent a substantial relationship, not present here, a court may not enter an injunction against persons who are not parties to the case before it, See Zepeda v. U.S. INS, 753 F.2d 719, 727 (9th Cir. 1984). The officials Plaintiff wants to have subjected to the Court's injunctive powers are not parties to this action.

Lastly, Plaintiff's claim that his condition may deteriorate if untreated is

speculative. It does not reach the level of pleading irreparable harm necessary for the issuance of injunctive relief. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).

### III.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motions for temporary restraining order and preliminary injunction (ECF Nos. 10-11) are DENIED.

IT IS SO ORDERED.

Dated:    November 10, 2015           /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE